■ PHH MORTGAGE CORPORATION, Respondent, v SELWYN CELESTIN, Also Known as SELWYN P. CELESTIN, Appellant, et al., Defendant. [11 NYS3d 871]—In an action to foreclose a mortgage, the defendant Selwyn Celestin, also known as Selwyn P. Celestin, appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Raffaele, J.), dated January 16, 2014, as denied that branch of his cross motion which was to dismiss the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to foreclose a mortgage against the defendant Selwyn Celestin, also known as Selwyn P. Celestin (hereinafter the defendant), among others. After the defendant failed to appear or answer the complaint, the plaintiff moved for leave to enter a judgment of foreclosure and sale and for an order of reference. The defendant opposed the motion and cross-moved, inter alia, to dismiss the complaint based upon, among other things, the plaintiff's alleged failure to "serve the 90 day pre-foreclosure notice required under New York law," in effect, pursuant to CPLR 5015 (a) to vacate his default in appearing or answering the complaint, and pursuant to CPLR 3012 (d) to compel the plaintiff to accept a late answer. In the order appealed from, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals from so much of the order as denied that branch of his cross motion which was to dismiss the complaint, arguing only that the plaintiff's submissions were insufficient to demonstrate that it complied with the notice requirements of RPAPL 1304.

The defendant's contention that the plaintiff's submissions were insufficient to demonstrate that it complied with the notice requirements of RPAPL 1304 is improperly raised for the first time on appeal (see Federal Natl. Mtge. Assn. v Cappelli, 120 AD3d 621, 622 [2014]; Mortgage Elec. Registration Sys., Inc. v Korolizky, 100 AD3d 605, 606 [2012]).

In any event, the defendant is precluded from raising this issue. The defendant does not appeal from so much of the order as denied the branch of his cross motion which was, in effect, pursuant to CPLR 5015 (a) to vacate his default in appearing or answering the complaint. Since the defendant has failed to establish that he is entitled to an order vacating his default in appearing or answering the complaint and compelling the plaintiff to accept a late answer, he is precluded from raising the plaintiff's alleged failure to comply with the notice provisions of RPAPL 1304 as a defense to this action (see generally Summitbridge Credit Invs., LLC v Wallace, 128 AD3d 676 [2015]; TD Bank, N.A. v Spector, 114 AD3d 933, 933-934 [2014]; Pritchard v Curtis, 101 AD3d 1502, 1504 [2012]). Skelos, J.P., Hall, Sgroi and Barros, JJ., concur.