■ HSBC Bank USA, National Association, Appellant, v Cresencio Espinal, Respondent, et al., Defendants. [28 NYS3d 107]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Kurtz, J.), dated September 12, 2014, as denied those branches of its motion which were for summary judgment on the complaint and to appoint a referee to compute the amount due to the plaintiff.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint and to appoint a referee to compute the amount due to the plaintiff are granted.

In May 2005, the defendant Cresencio Espinal executed a note in the sum of $360,000 in favor of Accredited Home Lenders, Inc. (hereinafter AHL), and delivered to Mortgage Electronic Registration Systems, Inc., acting solely as nominee for AHL, a mortgage on certain property located in Brooklyn to secure repayment of the note. Following Espinal's default on the mortgage loan, the plaintiff, the assignee of the mortgage, commenced this action to foreclose the mortgage against Espinal and others. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint and to appoint a referee to compute the amount due to the plaintiff. In the order appealed from, the Supreme Court, inter alia, denied the plaintiff's motion. The plaintiff appeals, and we reverse insofar as appealed from.

In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default (see Wells Fargo Bank, N.A. v Rooney, 132 AD3d 980 [2015]; Wells Fargo Bank, N.A. v Webster, 61 AD3d 856, 856 [2009]; Village Bank v Wild Oaks Holding, 196 AD2d 812, 812 [1993]). Where, as here, the plaintiff's standing has been placed in issue by the defendants' answer, the plaintiff also must prove its standing as part of its prima facie showing (see Deutsche Bank Natl. Trust Co. v Idarecis, 133 AD3d 702 [2015]; Loancare v Firshing, 130 AD3d 787, 789 [2015]; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753 [2009]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it was the holder or assignee of the underlying note at the time the action was commenced (see

*Deutsche Bank Natl. Trust Co. v Idarecis*, 133 AD3d 702 [2015]; *Wells Fargo Bank, N.A. v Rooney*, 132 AD3d at 980). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (*US Bank N.A. v Faruque*, 120 AD3d 575, 577 [2014]).

Here, the plaintiff established, prima facie, that it had standing to commence this foreclosure action by submitting the affidavit of Maya M. Green, a vice president of the plaintiff's loan servicer, who demonstrated that the plaintiff had physical possession of the note prior to the commencement of the action (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *Wells Fargo Bank, N.A. v Rooney*, 132 AD3d at 980; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206, 1207 [2015]). The plaintiff further met its initial burden of demonstrating its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the mortgage, the note, and evidence of Espinal's failure to make payments due under the note (*see HSBC Bank USA, N.A. v Spitzer*, 131 AD3d at 1207; *Wells Fargo Bank, N.A. v Webster*, 61 AD3d at 856). The plaintiff also demonstrated, prima facie, that it strictly complied with the notice requirement of RPAPL 1304 (*see JP Morgan Chase Bank, N.A. v Schott*, 130 AD3d 875, 876 [2015]). In opposition, Espinal failed to raise a triable issue of fact. The remaining defendants did not appear in the action.

Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the complaint and to appoint a referee to compute the amount due to the plaintiff. Dillon, J.P., Hall, Roman and Duffy, JJ., concur.