■ FLUSHING SAVINGS BANK, Plaintiff, v CHESTER LATHAM, Respondent. BNH XV, LLC, et al., Nonparty Appellants. [32 NYS3d 206]—

In an action to foreclose a mortgage, nonparty appellants BNH XV, LLC, and Maxim Credit Corp. appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated October 17, 2013, which, in effect, denied their motion for leave to be substituted as the plaintiffs in the action and to amend the caption accordingly, for summary judgment on the complaint, to strike the defendant's amended answer, and to confirm a referee's report dated September 17, 2010.

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, denying that branch of the motion of the nonparty appellants BNH XV, LLC, and Maxim Credit Corp. for leave to be substituted as the plaintiffs in the action and to amend the caption accordingly, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings, including the amendment of the caption in accordance herewith.

In 2007, the defendant executed an adjustable rate note to borrow the sum of $372,000 from Flushing Savings Bank (hereinafter Flushing). The note was secured by a mortgage on the property located at 116 Hopkinson Avenue, Brooklyn (hereinafter the subject premises). The mortgage documents described the subject premises as a "1-3 family with store/ office." The loan and mortgage documents also indicated that

the defendant did not reside at the subject premises, but instead resided at another address in Brooklyn.

In August 2009, Flushing commenced this action against the defendant to foreclose the mortgage, alleging that the defendant had defaulted on his payment obligation as of April 1, 2009. An affidavit of service indicated that the process server served the defendant at the subject premises with the summons and complaint, along with the required notice pursuant to RPAPL 1303. The defendant filed a pro se answer, which was rejected by Flushing. Subsequently, the Supreme Court granted Flushing's motion for an order of reference, and the referee issued a report dated September 17, 2010, computing the amount due. Thereafter, on September 27, 2012, Flushing assigned its interest in the note, mortgage, and this foreclosure action to nonparty BNH XV, LLC (hereinafter BNH). In turn, BNH assigned a security interest in the note and mortgage to nonparty Maxim Credit Corp. (hereinafter Maxim). In March 2013, the Supreme Court granted the defendant's motion for leave to file an amended answer, and the defendant subsequently filed an amended answer asserting certain affirmative defenses, including noncompliance with the notice provisions of RPAPL 1304. In the amended answer, the defendant admitted that the subject premises were his residence.

BNH and Maxim (hereinafter together the nonparty appellants), as the plaintiffs by assignment, moved for leave to be substituted as the plaintiffs in the action and to amend the caption accordingly, for summary judgment on the complaint, to strike the defendant's amended answer, and to confirm the referee's report dated September 17, 2010. No opposition to the motion was filed. The Supreme Court, in effect, denied the motion.

The Supreme Court improvidently exercised its discretion by, in effect, denying that branch of the nonparty appellants' motion which was for leave to be substituted as the plaintiffs in the action and to amend the caption accordingly. Flushing assigned its interest in the note, mortgage, and this action to BNH after this action had been commenced, and BNH, in turn, assigned a security interest in the note and mortgage to Maxim (see CPLR 1018). The defendant filed no opposition to the motion and, thus, did not oppose the nonparty appellants' substitution request (see CPLR 3025 [b]; Maspeth Fed. Sav. & Loan Assn. v Simon-Erdan, 67 AD3d 750, 751 [2009]; East Coast Props. v Galang, 308 AD2d 431 [2003]).

However, the Supreme Court properly, in effect, denied those branches of the nonparty appellants' motion which were for

summary judgment on the complaint, to strike the defendant's amended answer, and to confirm the referee's report dated September 17, 2010. A plaintiff in a residential foreclosure action has the burden of demonstrating compliance with the notice requirements of RPAPL 1304 (*see Hudson City Sav. Bank v DePasquale*, 113 AD3d 595, 596 [2014]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 98 [2011]). Here, contrary to the nonparty appellants' contention, they failed to establish, as a matter of law, that the subject loan did not qualify as a "home loan" as defined in RPAPL 1304 (5) (a). The nonparty appellants' submissions revealed triable issues of fact as to whether the debt was incurred by the defendant "primarily for personal, family, or household purposes," and whether the subject premises is a "one to four family dwelling . . . used or occupied, or intended to be used or occupied wholly or partly" by the defendant as his principal dwelling (RPAPL 1304 [5] [a] [ii], [iii]). Since the nonparty appellants failed to meet their prima facie burden, those branches of their motion which were for summary judgment on the complaint, to strike the defendant's amended answer, and to confirm the referee's report dated September 17, 2010, were, in effect, properly denied (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Hudson City Sav. Bank v DePasquale*, 113 AD3d at 596; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d at 106). Rivera, J.P., Hall, Roman and Sgroi, JJ., concur.