■ FLAGSTAR BANK, FSB, Respondent, v TONYA DAMARO, Appellant, et al., Defendants. [44 NYS3d 128]—

In an action to foreclose a mortgage, the defendant Tonya Damaro appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Farneti, J.), dated June 10, 2014, which, upon an order of the same court dated February 8, 2012, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint, to strike her answer, and for an order of reference, and upon an order of the same court dated June 6, 2013, denying her motion pursuant to CPLR 5015 to vacate her default in opposing the plaintiff's motion and for summary judgment dismissing the complaint insofar as asserted against her, inter alia, granted the plaintiff's motion, among other things, to confirm the referee's report and for a judgment of foreclosure and sale, directed the sale of the subject property, and denied her cross motion for leave to renew or reargue her prior motion.

Ordered that the appeal from so much of the order and judgment of foreclosure and sale dated June 10, 2014, as denied that branch of the cross motion of the defendant Tonya Damaro which was for leave to reargue her prior motion is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order and judgment of foreclosure and sale is reversed insofar as reviewed, on the law and in the exercise of discretion, (1) that branch of the cross motion of the defendant Tonya Damaro which was for leave to renew her prior motion is granted, and, upon renewal, the order dated June 6, 2013, denying the motion of the defendant Tonya Damaro pursuant to CPLR 5015 to vacate her default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint, to strike her answer, and for an order of reference, and for summary judgment dismissing the complaint insofar as asserted against her is vacated, and thereupon, the motion of the defendant Tonya Damaro is granted, the order dated February 8, 2012, is vacated, and the plaintiff's motion, inter

alia, for summary judgment on the complaint, to strike the answer of the defendant Tonya Damaro, and for an order of reference is denied, and (2) the plaintiff's motion, among other things, to confirm the referee's report and for a judgment of foreclosure and sale is denied as academic; and it is further,

Ordered that one bill of costs is awarded to the defendant Tonya Damaro.

The plaintiff, Flagstar Bank, FSB (hereinafter Flagstar), commenced this action against the appellant, among others, to foreclose a mortgage on property owned by the appellant. By order dated February 8, 2012, the Supreme Court granted Flagstar's unopposed motion, inter alia, for summary judgment on the complaint, to strike the appellant's answer, and for an order of reference. In an order dated June 6, 2013, the court denied the appellant's motion pursuant to CPLR 5015 to vacate her default in opposing Flagstar's motion, and for summary judgment dismissing the complaint insofar as asserted against her. The court subsequently entered an order and judgment dated June 10, 2014, which, among other things, granted Flagstar's motion to confirm the referee's report, directed the sale of the subject property, and denied that branch of the appellant's cross motion which was for leave to renew her prior motion.

The Supreme Court improvidently exercised its discretion in denying that branch of the appellant's cross motion which was for leave to renew her prior motion to vacate her default in opposing the plaintiff's summary judgment motion and for summary judgment dismissing the complaint insofar as asserted against her. A motion for leave to renew must be based upon new facts not offered on the prior motion which would change the prior determination, and must contain a reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221 [e] [2]). Here, the appellant's renewal motion was based upon an affidavit from the attorney who represented her at the time of her default, which would have changed the prior determination by supplying a reasonable excuse for her default, and which, she explained, could not have been presented on the prior motion because her former attorney had only agreed to supply the affidavit after the prior motion was filed.

Upon renewal, the appellant's default in opposing Flagstar's motion, inter alia, for summary judgment on the complaint should have been vacated. A party moving pursuant to CPLR 5015 (a) (1) to vacate a default in opposing a motion must demonstrate a reasonable excuse for the default and a meritori-

ous defense to the motion (*see Shin v ITCI, Inc.*, 115 AD3d 736, 736-737 [2014]; *Lane v Smith*, 84 AD3d 746, 747 [2011]). Here, the appellant established a reasonable excuse for her failure to oppose the plaintiff's summary judgment motion by providing a detailed and credible explanation of the law office failure which led to her default (*see* CPLR 2005; *U.S. Bank, N.A. v Bukobza*, 142 AD3d 1070 [2016]). Moreover, she demonstrated a potentially meritorious defense to the motion, inter alia, based upon the plaintiff's failure to comply with RPAPL 1304.

Upon vacating the appellant's default, the Supreme Court should have denied the plaintiff's motion for summary judgment on the complaint, to strike the appellant's answer, and for an order of reference, and granted that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted against her. "[P]roper service of [a] RPAPL 1304 notice containing the statutorily-mandated content is a condition precedent to the commencement of the foreclosure action" (*Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 103 [2011]). "[T]he plaintiff has the burden of establishing satisfaction of this condition" (*id.* at 106).

Here, Flagstar failed to meet its initial burden of demonstrating the absence of material issues as to its strict compliance with RPAPL 1304 (*see Deutsche Bank Natl. Trust Co. v Cunningham*, 142 AD3d 634, 636 [2016]; *Hudson City Sav. Bank v DePasquale*, 113 AD3d 595, 596 [2014]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d at 105-106). Specifically, RPAPL 1304 requires that the notice sent to the borrower recite the date by which the borrower can cure his or her default (*see* RPAPL 1304). The notice in this case, sent on August 25, 2010, advised the appellant that she had until August 23, 2010 to cure her default. Therefore, the RPAPL 1304 notice was defective on its face, requiring denial of Flagstar's motion for summary judgment on the complaint (*see Hudson City Sav. Bank v DePasquale*, 113 AD3d at 596; *see also Aurora Loan Servs., LLC v Weisblum*, 85 AD3d at 105-106). Based on the same evidence, the appellant's motion for summary judgment dismissing the complaint insofar as asserted against her should have been granted (*see Hudson City Sav. Bank v DePasquale*, 113 AD3d at 596; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d at 108).

In light of our determination, we need not reach the appellant's remaining contention. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.