■ U.S. Bank National Association, as Trustee of the Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, 2007-3, Appellant, v Stephen Cox et al., Defendants. [49 NYS3d 527]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated July 17, 2015, as denied those branches of its unopposed motion which were for summary judgment on the complaint and for an order of reference.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference are granted.

In January 2007, the defendant Sonia Stringer-Cox executed a 30-year note promising to repay the sum of $295,750 to Greenpoint Mortgage Funding, Inc. (hereinafter Greenpoint). The note was secured by a mortgage executed by Stringer-Cox and the defendant Steven Cox on real property owned by them. By written assignment dated February 16, 2007, Greenpoint assigned the subject mortgage "together with the note (s) and obligations therein described" to Aurora Bank, FSB (hereinafter Aurora). By "Assignment of Mortgage and Other Loan Documents," dated August 19, 2009, Aurora assigned the subject mortgage "TOGETHER with that bond or note or obligation described in said mortgage" to the plaintiff.

Stringer-Cox failed to make the monthly payment due on April 1, 2009, or any payment due thereafter. In September 2009, the plaintiff commenced this action against Cox and Stringer-Cox, among others, by filing the summons and complaint. Annexed to the summons and complaint, along with various exhibits, were the note, including the allonge with an endorsement to the plaintiff and the assignments. Cox served an answer and asserted various affirmative defenses, including that the plaintiff lacked standing.

Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The motion was unopposed. In the order appealed from, the Supreme Court denied the plaintiff's motion without prejudice. The plaintiff appeals from so much of the order as denied those branches of its motion which were for summary judgment on the complaint and for an order of reference.

"A plaintiff in a mortgage foreclosure action establishes its prima facie entitlement to judgment as a matter of law by

producing the mortgage, the unpaid note, and evidence of the defendant's default" (*LNV Corp. v Francois*, 134 AD3d 1071, 1071-1072 [2015]; *see U.S. Bank N.A. v Akande*, 136 AD3d 887, 887 [2016]; *Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d 1001, 1002 [2015]). Where a defendant challenges the plaintiff's standing to commence an action to foreclose a mortgage, the plaintiff must also prove its standing as part of its prima facie showing (*see HSBC Bank USA, N.A. v Roumiantseva*, 130 AD3d 983, 983 [2015]; *HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773, 774 [2015]). The plaintiff, in a foreclosure action, has standing where it is either the holder or assignee of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]; *Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980, 981 [2015]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206, 1207 [2015]; *Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d 931, 932 [2013]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362; *Arch Bay Holdings, LLC v Albanese*, 146 AD3d 849 [2017]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 280 [2011]).

Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing copies of the unpaid note, the mortgage, and evidence of Stringer-Cox's default (*see JPMorgan Chase Bank, N.A. v Mantle*, 134 AD3d 903, 904 [2015]), and demonstrating its standing based both on its physical possession of the note and on its status as an assignee of the note as of the date that the action was commenced (*see Emigrant Bank v Larizza*, 129 AD3d 904, 905 [2015]). As there was no opposition to the plaintiff's motion, no triable issues of fact were raised.

In light of our determination, we need not address the plaintiff's remaining contention. Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.