HSBC Bank USA, N.A. v Ozcan (2017 NY Slip Op 07242)





HSBC Bank USA, N.A. v Ozcan


2017 NY Slip Op 07242


Decided on October 18, 2017


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 18, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2015-06613
 (Index No. 7131/12)

[*1]HSBC Bank USA, National Association, as trustee for Nomura Asset-Backed Certificate Series, 2006-AF1, respondent, 
v
Hasan Ozcan, also known as H. Ozcan, appellant, et al., defendants.


Harvey Sorid, Uniondale, NY (Melissa Montenes of counsel), for appellant.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, and Suzanne Novak of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Hasan Ozcan, also known as H. Ozcan, appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered April 10, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him and for an order of reference, and denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2006, the defendant Hasan Ozcan, also known as H. Ozcan (hereinafter the defendant), purchased real property in Inwood, Nassau County. At or near the same time, the defendant executed a note in the sum of $497,000 in favor of Approved Funding Corp. (hereinafter the original lender), which was secured by a mortgage on the property. Subsequently, by an assignment of mortgage dated January 17, 2012, the mortgage was assigned to the plaintiff. In June 2012, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The plaintiff served the summons, complaint, and notice pursuant to RPAPL 1303 upon the defendant at his actual place of residence in Cedarhurst, Nassau County, which was listed on the deed transferring the Inwood property to him. The plaintiff also served the summons, complaint, and notice pursuant to RPAPL 1303 upon six individually named tenants, who resided in apartments at the Inwood property.
In July 2012, the defendant served an answer with affirmative defenses and a counterclaim. In an order dated December 4, 2012, the Supreme Court directed the plaintiff to proceed with the foreclosure action after the defendant failed to appear at a scheduled residential foreclosure conference.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and the defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The [*2]defendant appeals.
Where, as here, the issue of standing is raised by a defendant, a plaintiff must prove its standing in order to be entitled to relief (see U.S. Bank N.A. v Cox, 148 AD3d 962; HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d 983, 983). A plaintiff has standing where it is either the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361; Central Mtge. Co. v Jahnsen, 150 AD3d 661; HSBC Bank USA, N.A. v Spitzer, 131 AD3d 1206, 1207). "Either a written assignment of the underlying note or the physical delivery of the note . . . is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 644-645).
Here, the plaintiff alleged in the complaint that it was the current holder of the note, and that the note was endorsed by the original lender and delivered to the plaintiff prior to the commencement of the action. In moving for summary judgment, the plaintiff established, prima facie, that it had standing by demonstrating that it had physical possession of the note prior to the commencement of the action, as evidenced by its attachment of the note, containing an endorsement in blank executed by the original lender, to the summons and complaint when the action was commenced (see U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862-863; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645). Contrary to the defendant's contention, the plaintiff was not required to provide factual details of the delivery to establish how it came into possession of the note (see PennyMac Corp. v Chavez, 144 AD3d 1006, 1007; compare JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645, with Central Mtge. Co. v Jahnsen, 150 AD3d 661). In opposition, the defendant failed to raise a triable issue of fact as to whether the plaintiff had standing.
Further, contrary to the view of our dissenting colleague, the Supreme Court properly determined that the plaintiff established, prima facie, its compliance with RPAPL 1304. At the outset, the plaintiff contends that RPAPL 1304 is inapplicable to this case insofar as the subject property was not the defendant's principal dwelling and, therefore, the mortgage loan was not a "home loan" for purposes of the statute.
The defendant argues that this issue was not raised in the Supreme Court, and has been improperly raised for the first time on appeal. However, the specific contention that this mortgage loan was not a "home loan" for purposes of RPAPL 1304 may be reached because it involves a question of law that is apparent on the face of this record and could not have been avoided by the court if it had been brought to its attention (see Stassa v Stassa, 123 AD3d 804, 806; 126 Newton St., LLC v Allbrand Commercial Windows & Doors, Inc., 121 AD3d 651, 652; see also Telaro v Telaro, 25 NY2d 433, 439). Our dissenting colleague relies upon PHH Mtge. Corp. v Celestin (130 AD3d 703) to conclude that this specific contention is not reviewable on this appeal. However, PHH Mtge. Corp. v Celestin is distinguishable because, in that case, the defendant's entire contention that the plaintiff failed to demonstrate its compliance with the notice requirements of RPAPL 1304 was raised for the first time on appeal (see id. at 704). Here, the issue of the plaintiff's compliance with RPAPL 1304 was squarely before the court.
Turning to the merits of the "home loan" issue, the record shows that the subject property is a multi-unit apartment building with several tenants, the defendant did not reside at the property at the time he signed the mortgage or at the time the action was commenced, and the deed transferring the property to the defendant was a commercial property deed. The defendant does not refute that this was a commercial property and that he lived elsewhere. Thus, the record reflects that this was not a "home loan" subject to the notice requirements of RPAPL 1304 (see RPAPL 1304[5]; cf. JP Morgan Chase Bank, N.A. v Venture, 148 AD3d 1269; Flushing Sav. Bank v Latham, 139 AD3d 663, 665; Prompt Mtge. Providers of N. Am., LLC v Singh, 132 AD3d 833, 834).
Furthermore, even if the subject loan was a "home loan" within the meaning of RPAPL 1304, the plaintiff submitted evidence sufficient to establish, prima facie, that it mailed the [*3]RPAPL 1304 notice in compliance with the statute.
In 2006, the Legislature passed the first provisions of the Home Equity Theft Prevention Act (Real Property Law § 265-a; hereinafter HETPA), which included various amendments and additions to the Real Property Actions and Proceedings Law (see generally First National Bank v Silver, 73 AD3d 162, 165-166). RPAPL 1304, entitled "Required prior notices," was first added in 2008 as a legislative response to the subprime lending crisis and the epidemic of foreclosures at that time (L 2008, ch 472, § 2). RPAPL 1304(1) provides, in pertinent part, that at least 90 days before a lender or a mortgage loan servicer commences a legal action against the borrower, the lender or mortgage loan servicer shall give notice to the borrower. The statute sets forth the requirements for the contents of the notice (see RPAPL 1304[1]), and provides that the notice must be sent to the borrower by registered or certified mail, and by first-class mail, to the last known address of the borrower and, if different, the residence that is the subject of the mortgage (see RPAPL 1304[2]).
Although not jurisdictional, proper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a residential foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition (see Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860; Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830; Flushing Sav. Bank v Latham, 139 AD3d 663, 665; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910; Pritchard v Curtis, 101 AD3d 1502, 1504). Although an affidavit of service may be a preferable method for a plaintiff to prove that it mailed the RPAPL 1304 notices in accordance with the statute (cf. Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d at 910), that is not the only method by which a residential foreclosure plaintiff may establish that it properly mailed the required notice (see e.g. Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 900). As this Court has previously observed, "[t]here is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (Citigroup v Kopelowitz, 147 AD3d 1014, 1015; cf. Wells Fargo Bank, NA v Thomas, 150 AD3d 1312). Thus, mailing may be proved by any number of documents meeting the requirements of the business records exception to the hearsay rule under CPLR 4518 (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 508; CitiMortgage, Inc. v Pappas, 147 AD3d 900, 901).
Here, in support of its motion for summary judgment, the plaintiff submitted an affidavit from Andrea Kruse, a vice president for loan documentation at "Wells Fargo Bank, N.A. d/b/a America's Servicing Company" (hereinafter Wells Fargo), the loan servicer for the plaintiff. Kruse explained that Wells Fargo had the authority to service the loan and to act as document custodian for the plaintiff pursuant to a pooling and servicing agreement dated October 1, 2006 (hereinafter the PSA), excerpts of which were attached to her affidavit. Kruse stated that, in addition to being "fully familiar with the facts and circumstances of [this] foreclosure action," she "reviewed the books and records contemporaneously created, and regularly maintained and utilized by Wells Fargo in the ordinary course of its business as servicer and custodian for the [plaintiff] pursuant to the PSA, and for this loan in particular," and that the regular practice of Wells Fargo was to "make and maintain such records, and to rely upon them in the course of its business as servicer and custodian for the [plaintiff]." Kruse further stated, "I make this affidavit based upon my personal knowledge and review of these regularly made and maintained business records."
After reciting the details of the defendant's default in his mortgage payments, Kruse stated that, while acting as the plaintiff's loan servicer, Wells Fargo mailed a notice of default to the defendant at the subject property in Inwood and his residence in Cedarhurst. Similarly, on October 16, 2011, Wells Fargo mailed the defendant a 90-day notice pursuant to RPAPL 1304 at both the Inwood property and the defendant's residence in Cedarhurst, "by both certified and regular mail." Kruse explained that "[p]ursuant to Wells Fargo's regular practice at the time, the copy with the twenty-digit barcode was mailed to Defendants by certified mail, and the copy with the ten-digit barcode was mailed to Defendants by first-class mail." She further confirmed that the plaintiff filed the RPAPL 1304 notices with the superintendent of banks within three business days of mailing [*4]them, as required by RPAPL 1306. Attached to Kruse's affidavit were copies of the 90-day notices dated October 16, 2011, which were addressed to the defendant at the Inwood property and at his actual residence in Cedarhurst, as well as the "Proof of Filing Statement" from the New York State Banking Department (later consolidated with the New York State Insurance Department to form the New York State Department of Financial Services).
Contrary to the view of our dissenting colleague, we find that the plaintiff's submissions demonstrated, prima facie, that it complied with the mailing requirements of RPAPL 1304 (see HSBC Bank USA, N.A. v Espinal, 137 AD3d 1079, 1080; TD Bank, N.A. v Mandia, 133 AD3d 590, 591; JP Morgan Chase Bank, N.A. v Schott, 130 AD3d 875, 876; Bank of N.Y. Mellon v Morga, 56 Misc 3d 256 [Sup Ct, Suffolk County]; see also Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679, 680; cf. Cenlar, FSB v Censor, 139 AD3d 781, 782-783), and the defendant failed to raise a triable issue of fact regarding the plaintiff's compliance with the notice requirements of RPAPL 1304.
The plaintiff also established, prima facie, that it complied with section 22 of the mortgage, which required service of a specified default notice as a condition precedent to acceleration of the loan, and the defendant failed to raise a triable issue of fact in opposition (cf. Emigrant Bank v Myers, 147 AD3d 1027, 1028; Nationstar Mtge., LLC v Dimura, 127 AD3d 1152, 1153).
Further, contrary to the defendant's contention, the plaintiff established, prima facie, that it provided notice in compliance with RPAPL 1303 by submitting the process server's affidavit of service on the defendant, in which the process server stated that he served the summons and complaint, along with a "1303 NOTICE - Help for Homeowners in Foreclosure in bold fourteen-point type and printed on colored paper, and the title of the notice printed in twenty-point type in compliance with RPAPL Sect 1303" (see RPAPL 1303; Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719, 719; cf. Wells Fargo Bank, N.A. v Moza, 129 AD3d 946, 947). In opposition, the defendant failed to raise a triable issue of fact (cf. Deutsche Bank Natl. Trust Co. v Hussain, 78 AD3d 989, 989).
We note that, in addition to disagreeing with our determination that the plaintiff demonstrated its compliance with the notice requirements of RPAPL 1304, our dissenting colleague concludes that the defendant, on his cross motion, established his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him by submitting his own affidavit denying receipt of the RPAPL 1304 notice. However, the defendant failed to do so because his mere denial of receipt was insufficient to establish his prima facie entitlement to judgment as a matter of law (see Grogg v South Rd. Assoc., L.P., 74 AD3d 1021, 1022; cf. Flagstar Bank, FSB v Mendoza, 139 AD3d at 900; Emigrant Mtge. Co., Inc. v Persad, 117 AD3d 676, 677; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d at 911).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference and denied the defendant's cross motion.
RIVERA, J.P., CHAMBERS, and MALTESE, JJ., concur.
BARROS, J., dissents, and votes to reverse the order insofar as appealed from, on the law, with costs, deny those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Hasan Ozcan, also known as H. Ozcan, and grant that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him, with the following memorandum:
The plaintiff improperly raises for the first time on appeal its contention that compliance with RPAPL 1304 was not required because the subject mortgage loan was not a "home loan" within the meaning of the statute (RPAPL 1304[6]). Thus, the contention is not properly before this Court (see PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704; Federal Natl. Mtge. Assn. [*5]v Cappelli, 120 AD3d 621, 622; Mortgage Elec. Registration Sys., Inc. v Korolizky, 100 AD3d 605, 606). Further, this contention does not fall within the exception permitting review of pure questions of law appearing on the face of the record which could not have been avoided if raised at the proper juncture (see Matter of Matarrese v New York City Health & Hosps. Corp., 247 AD2d 475, 476; see also KPSD Mineola, Inc. v Jahn, 57 AD3d 853, 854; Lischinskaya v Carnival Corp., 56 AD3d 116, 121). Contrary to the majority's determination, for this exception to the preservation requirement to apply, it is not enough that the unpreserved issue merely involve a question of law, but, rather, the unpreserved issue must be one of pure law, that is, it must not raise any issues of fact (see NYU Hosp. for Joint Diseases v Country Wide Ins. Co., 84 AD3d 1043, 1044 ["pure question of law"]; Chambers v Old Stone Hill Rd. Assoc., 303 AD2d 536, 538 ["Although the doctrine of preservation generally precludes appellate review of matters that are raised for the first time on appeal, it is well settled that pure questions of law or statutory interpretation may be considered because their resolution does not hinge on the record evidence"], affd 1 NY3d 424; Matter of Matarrese v New York City Health & Hosps. Corp., 247 AD2d at 476 ["In light of the numerous factual issues . . . , the critical issue at bar is not purely one of law, and thus it may not be raised for the first time on appeal"]). As illustrated by the majority's decision, the issue of whether the subject mortgage loan constitutes a "home loan" within the meaning of RPAPL 1304 involves questions of fact, including whether the mortgaged property was "used or occupied, or intended to be used or occupied wholly or partly, as the home or residence of one or more persons and which is or will be occupied by the borrower as the borrower's principal dwelling" (RPAPL 1304[6][a][iii]). Had the plaintiff properly raised this contention in the Supreme Court, the defendant Hasan Ozcan, also known as H. Ozcan (hereinafter the defendant), would have had the opportunity to submit evidence in opposition rebutting the plaintiff's contention now improperly raised for the first time on appeal (see Bingham v New York City Tr. Auth., 99 NY2d 355; Lischinskaya v Carnival Corp., 56 AD3d at 120-121 ["Since such an argument potentially presents factual issues that [the defendant] was prevented from addressing by the plaintiff's failure to raise the argument before the Supreme Court, we decline to address the argument for the first time on appeal"]).
Further, the plaintiff failed to submit evidence sufficient to establish, prima facie, compliance with the statutory provisions of RPAPL 1304. "[P]roper service of RPAPL 1304 notice on the borrower . . . is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction with this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). The statute requires the lender or mortgage loan servicer to send the RPAPL 1304 notice to the borrower "by registered or certified mail and also by first-class mail" (RPAPL 1304[2]). With both registered and certified mail, the United States Postal Service (hereinafter USPS) provides the sender with a mailing receipt as proof of mailing at the time of mailing and, upon request, an electronic record of the date and time of delivery or attempted delivery (see Mailing Standards of the United States Postal Service Domestic Mail Manual, https://pe.usps.com/DMM300). With first-class mail, the USPS, upon request and payment of a fee, provides the sender with a certificate of mailing as evidence of mailing (id.). Therefore, by requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by submitting the proof of mailing issued by the USPS (see CitiMortgage, Inc. v Pappas, 147 AD3d 900, 901).
In the absence of such postal proof, the plaintiff may also prove its compliance with RPAPL 1304 by submission of documents meeting the requirements of the business records exception to the rule against hearsay under CPLR 4518 (see CitiMortgage, Inc. v Pappas, 147 AD3d at 901; see also Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 508; Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, 129 AD3d 790, 793). In this regard, the plaintiff must submit, inter alia, "proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed" (CitiMortgage, Inc. v Pappas, 147 AD3d at 901; see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d at 508; Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, 129 AD3d at 793; Nocella v Fort Dearborn Life Ins. Co. of N.Y., 99 AD3d 877).
In support of its motion, the plaintiff failed to submit an affidavit of service or any [*6]proof of mailing issued by the USPS demonstrating that it properly served the defendant in accordance with RPAPL 1304 (see Citibank, N.A. v Wood, 150 AD3d 813, 814; CitiMortgage, Inc. v Pappas, 147 AD3d at 901). Contrary to the majority's conclusion, the affidavit of Andrea Kruse, a vice president for loan documentation of the loan servicer, which referenced barcode numbers appearing on copies of the RPAPL 1304 notices, was insufficient to establish that the notices were sent to the defendant in the manner required by RPAPL 1304, as Kruse did not establish proof of a standard office mailing procedure and provided no independent proof of the actual mailing (see Citibank, N.A. v Wood, 150 AD3d at 814; CitiMortgage, Inc. v Pappas, 147 AD3d at 901; JPMorgan Chase Bank, N.A. v Kutch, 142 AD3d 536, 537; cf. Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 900). While Kruse referred to the loan servicer's "practice at the time" of mailing a copy of the notice with the 20-digit barcode to the defendants by certified mail, and the copy of the notice with the 10-digit barcode to the defendants by first-class mail, she did not explain, inter alia, whether the barcode was assigned before or after the mailing, such that an inference may be drawn that, by reason of the appearance of the barcode on the notices, the items were actually mailed. More significantly, she provided no information regarding the loan servicer's mailing procedures. Her mere reference to a "practice at the time" is not "proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed" (CitiMortgage, Inc. v Pappas, 147 AD3d at 901; see Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, 129 AD3d at 793; Nocella v Fort Dearborn Life Ins. Co. of N.Y., 99 AD3d 877).
Since the plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference (see Citibank, N.A. v Wood, 150 AD3d at 814; CitiMortgage, Inc. v Pappas, 147 AD3d at 901; Cenlar, FSB v Weisz, 136 AD3d 855, 856; Bank of N.Y. Mellon v Aquino, 131 AD3d 1186, 1186-1187; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910; Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106).
On his cross motion, the defendant established his entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him by submitting his own affidavit denying receipt of the RPAPL 1304 notices (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106 [the defendants established their prima facie entitlement to summary judgment dismissing the complaint by relying upon the plaintiff's "same evidence, further supported by their personal affidavits" attesting that they did not receive RPAPL 1304 notice in accordance with the statute]). For the reasons stated above, the plaintiff did not rebut the defendant's affidavit by raising a triable issue of fact as to whether it properly mailed the RPAPL 1304 notices and, thus, the defendant's cross motion should have been granted (see id.).
Accordingly, I vote to reverse the order insofar as appealed from, deny those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, and grant the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him.
ENTER:
Aprilanne Agostino
Clerk of the Court