U.S. Bank N.A. v Goldberg (2019 NY Slip Op 02741)





U.S. Bank N.A. v Goldberg


2019 NY Slip Op 02741


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2017-02986
 (Index No. 18761/10)

[*1]U.S. Bank National Association, etc., respondent,
v
Ira Goldberg, appellant, et al., defendants. Ira L. Goldberg, Freeport, NY, appellant pro se.


Blank Rome LLP, New York, NY (Jonathan M. Robbin and Timothy W. Salter of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ira Goldberg appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 1, 2016. The order granted the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference is denied.
The plaintiff commenced this action against the defendant Ira Goldberg (hereinafter the defendant), and others, to foreclose a mortgage. The defendant interposed an answer which, inter alia, denied the plaintiff's allegation that the plaintiff had complied with the requirements of RPAPL 1304.
The plaintiff subsequently moved, inter alia, for summary judgment on the complaint and for an order of reference. The Supreme Court granted the plaintiff's motion. The defendant appeals, arguing that summary judgment should have been denied on the ground that the plaintiff's submissions failed to establish, prima facie, that the 90-day notice required by RPAPL 1304 was properly mailed to him. We agree with the defendant and reverse.
The plaintiff failed to meet its initial burden on its motion, inter alia, for summary judgment on the complaint and for an order of reference. " Although not jurisdictional, proper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a residential foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition'" (Aurora Loan Servs., LLC v Vrionedes, 167 AD3d 829, 831, quoting HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825-826; see Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860). "The statute requires that such notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower" (CitiMortgage, Inc. v Pappas, 147 AD3d 900, 901; see RPAPL 1304[2]).
While "an affidavit of service may be a preferable method for a plaintiff to prove that it mailed the RPAPL 1304 notices in accordance with the statute, that is not the only method by [*2]which a residential foreclosure plaintiff may establish that it properly mailed the required notice" (HSBC Bank USA, N.A. v Ozcan, 154 AD3d at 826 [citation omitted]; see Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 900). "There is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (Citigroup v Kopelowitz, 147 AD3d 1014, 1015; see HSBC Bank USA, N.A. v Ozcan, 154 AD3d at 826). "[M]ailing may be proved by any number of documents meeting the requirements of the business records exception to the hearsay rule under CPLR 4518" (HSBC Bank USA, N.A. v Ozcan, 154 AD3d at 826; see CitiMortgage, Inc. v Pappas, 147 AD3d at 901).
Here, the plaintiff failed to submit an affidavit of service, admissible business records, or proof of mailing by the post office, demonstrating that it properly served the defendant pursuant to RPAPL 1304 (cf. Citimortgage, Inc. v Wallach, 163 AD3d 520; Citimortgage, Inc. v Espinal, 134 AD3d 876). Since the plaintiff's submissions failed to establish, prima facie, that the 90-day notice required by RPAPL 1304 was properly mailed to the defendant, the Supreme Court should have denied the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference (see Aurora Loan Servs., LLC v Vrionedes, 167 AD3d 829).
In light of the foregoing, the parties' remaining contentions need not be addressed.
BALKIN, J.P., CHAMBERS, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court