JPMorgan Chase Bank, N.A. v Skluth (2019 NY Slip Op 07886)





JPMorgan Chase Bank, N.A. v Skluth


2019 NY Slip Op 07886


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-10817
2018-10818
 (Index No. 69189/15)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Mark K. Skluth, et al., appellants, et al., defendants.


Matthew T. Worner, White Plains, NY, for appellants.
Parker Ibrahim & Berg LLP, New York, NY (Charles W. Miller III, Karena J. Straub, and Scott Parker of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Mark K. Skluth and Lauren K. Skluth appeal from two orders of the Supreme Court, Westchester County (Sam D. Walker, J.), both dated August 13, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Mark K. Skluth and Lauren K. Skluth, to strike those defendants' answer and counterclaims, and for an order of reference, and denied those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. The second order, inter alia, referred the matter to a referee to ascertain and compute the amount due on the mortgage loan.
ORDERED that the first order is affirmed insofar as appealed from; and it is further,
ORDERED that the second order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against the defendants Mark K. Skluth and Lauren K. Skluth (hereinafter together the Skluth defendants), among others, to foreclose a mortgage encumbering certain property in Goldens Bridge. The Skluth defendants served a verified answer with counterclaims and various affirmative defenses, including the plaintiff's failure to comply with RPAPL 1304.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the Skluth defendants, to strike their answer and counterclaims, and for an order of reference. In support of the motion, the plaintiff submitted, among other things, an affidavit of mailing of its vice president, Mary Owens. Based upon her review of the plaintiff's business records relating to the subject loan, and her personal knowledge of how such records are kept and maintained, Owens averred that 90-day preforeclosure notices pursuant to RPAPL 1304 were sent on June 25, 2015, by regular first-class and certified mail, to the Skluth defendants at the mortgaged premises. Owens additionally attested to the plaintiff's regular practice for imaging such [*2]records and for obtaining and imaging proof of mailing from the United States Postal Service (hereinafter USPS) at or near the time of mailing, and annexed copies of the subject notices bearing USPS certified mail barcodes and numbers as well as a copy of first class bulk mail receipts and electronic records from the USPS evidencing the mailings. The Skluth defendants opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff failed to comply with RPAPL 1304. By order dated August 13, 2018, the Supreme Court granted the plaintiff's motion and denied the Skluth defendants' cross motion. The court also issued an order of reference dated August 13, 2018, referring the matter to a referee to ascertain and compute the amount due on the mortgage loan. The Skluth defendants appeal.
In a residential foreclosure action, a plaintiff moving for summary judgment must tender "sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). RPAPL 1304(1), which applies to home loans, provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute sets forth the requirements for the content of such notice, and provides that such notice must be sent by registered or certified mail and by first-class mail to the last known address of the borrower and to the subject residence (see RPAPL 1304[2]). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106; see Citibank, N.A. v Wood, 150 AD3d 813, 814; Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860). By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, " the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing,' which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Bank of Am., N.A. v Bittle, 168 AD3d 656, 658, quoting Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016). "There is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (Citigroup v Kopelowitz, 147 AD3d 1014, 1015). Thus, mailing may be proved by any number of documents meeting the requirements of the business records exception to the hearsay rule under CPLR 4518 (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 508).
Here, the plaintiff's submissions demonstrated, prima facie, that it complied with the mailing requirements of RPAPL 1304 (see HSBC Bank USA N.A. v Ozcan, 154 AD3d 822, 827; HSBC Bank USA, N.A. v Espinal, 137 AD3d 1079, 1080). In opposition, the Skluth defendants submitted an affidavit stating "with absolute certainty" that they never received the 90-day notice either by certified or regular mail. However, a mere denial of receipt—albeit emphatic—is insufficient to raise a triable issue of fact (see Nationstar Mortgage LLC v LaPorte, 162 AD3d 784, 786; HSBC Bank USA N.A. v Ozcan, 154 AD3d at 827). Further, the Skluth defendants acknowledged that they received notices from the plaintiff, which they threw away based upon their attorney's advice that it would be unethical for the plaintiff to serve documents upon them directly. The Skluth defendants also submitted a printout made in 2018 of tracking results from USPS indicating that certain tracking numbers were "not yet in system." Such printouts, where not certified as business records, are not admissible under the business records exception to the hearsay rule (see McBryant v Pisa Holding Corp., 110 AD3d 1034). In any case, it appears those numbers were not in the system because numbers are stored in offline files after 45 days. Therefore, the Skluth defendants failed to raise a triable issue of fact on this issue.
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as [*3]asserted against the Skluth defendants, to strike the Skluth defendants' answer and counterclaims, and for an order of reference, and denying the Skluth defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them.
CHAMBERS, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court