*Gustavia Home, LLC v. Vaz*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand twenty.

Present:

> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> SUSAN L. CARNEY,
> *Circuit Judges*.

---

GUSTAVIA HOME, LLC,

> *Plaintiff-Counter-Defendant-Appellee*,

v.                                                                No. 19-3088

RICARDO VAZ, DEBRA A. DERBY,

> *Defendants-Counter-Claimants-Appellants*,

CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD, CITY OF NEW YORK DEPARTMENT OF TRANSPORTATION PARKING VIOLATIONS BUREAU, 446 LAFAYETTE LLC, ALLEN MOHAMMED,

> *Defendants*.

---

1

| For Plaintiff-Counter-Defendant-Appellee Gustavia Home, LLC: | Danielle P. Light, Hasbani & Light, P.C., New York, NY. |
| --- | --- |
| For Defendants-Counter-Claimants-Appellants Ricardo Vaz, Debra A. Derby: | Steven Amshen, Petroff Amshen LLP, Brooklyn, NY. |

Appeal from an order and judgment of the United States District Court for the Eastern District of New York (Glasser, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the district court are **AFFIRMED**.

Ricardo Vaz and Debra A. Derby appeal from a judgment of foreclosure and sale entered by the United States District Court for the Eastern District of New York (Glasser, *J.*), and an order granting summary judgment in favor of Gustavia Home, LLC. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party." *Anderson v. Recore*, 446 F.3d 324, 328 (2d Cir. 2006).[1] "[S]ummary judgment is . . . improper . . . where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Morgan v. Dzurenda*, 956 F.3d 84, 88 (2d Cir. 2020). The district court granted Gustavia's motion for summary judgment on the ground that the loan at issue was not a "home loan" within the meaning of New York Real Property Actions and Proceedings Law ("RPAPL") § 1304, and that Gustavia therefore did not need to comply with § 1304's pre-foreclosure notice requirements. On appeal, Vaz and Derby argue that there was a genuine dispute as to whether the loan at issue was a home loan.

As relevant here, RPAPL § 1304 defines a "home loan" as a loan secured by a property that "is or will be occupied by the borrower as the borrower's principal dwelling." N.Y. Real Prop.

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

2

Acts. Law § 1304(6)(a)(1)(iii). The district court held that the loan at issue was not a "home loan" because Vaz and Derby both testified during their depositions that they did not reside at the property secured by the loan. Vaz and Derby argue that this was error because there was a triable issue as to whether they intended to occupy the property as their principal dwelling.

We agree with the district court. Although the New York Court of Appeals has not spoken definitively on this issue, our reading of the case law from the intermediate appellate courts of New York is that a loan cannot be a "home loan" within the meaning of RPAPL § 1304 when the borrower does not reside at the property secured by the loan at the time of the borrowing or at any time thereafter. *See, e.g.*, *Vanderbilt Mortg. & Fin., Inc. v. Ammon*, 179 A.D.3d 1138, 1141 (N.Y. App. Div. 2d Dep't 2020) (holding that "compliance with RPAPL [§] 1304 was not required" because, *inter alia*, the defendant "resided elsewhere"); *HSBC Bank USA, N.A. v. Ozcan*, 154 A.D.3d 822, 825 (N.Y. App. Div. 2d Dep't 2017) (holding that a loan was not a "home loan" under RPAPL § 1304 where "the defendant did not reside at the property at the time he signed the mortgage or at the time the [foreclosure] action was commenced"); *see also CIT Bank N.A. v. Elliott*, No. 15-cv-4395 (JS) (ARL), 2018 WL 1701947, at *11 (E.D.N.Y. Mar. 31, 2018) (providing that a mortgage was not a "home loan" because the borrower did not live at the property at the time the foreclosure action was commenced or for one year prior). Notwithstanding their intent at the time of borrowing, therefore, Vaz and Derby's loan on the subject property was not a "home loan" within the meaning of RPAPL § 1304.

We have reviewed the parties' remaining arguments and find in them no basis for reversal. For the reasons stated herein, the order and judgment of the district court are **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

3