TD Bank, N.A. v Roberts (2020 NY Slip Op 05074)





TD Bank, N.A. v Roberts


2020 NY Slip Op 05074


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-12571
 (Index No. 135230/14)

[*1]TD Bank, N.A., etc., respondent, 
v
Charmaine Roberts, etc., et al., defendants, Wade Cockburn, etc., appellant.


Wade Cockburn, Staten Island, NY, appellant pro se.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Wade Cockburn appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Richmond County (Desmond A. Green, J.), dated August 17, 2018. The order and judgment of foreclosure and sale, upon an order of the same court (Judith N. McMahon, J.), dated April 21, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference, and upon an order of the same court (Judith N. McMahon, J.), dated June 6, 2017, inter alia, denying that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him, inter alia, granted the plaintiff's motion for a judgment of foreclosure and sale and directed the sale of the subject premises.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Wade Cockburn, to strike that defendant's answer, and for an order of reference are denied, the plaintiff's motion for a judgment of foreclosure and sale is denied, and the order dated April 21, 2017, is modified accordingly.
The plaintiff commenced this action to foreclose a mortgage on certain residential premises located in Staten Island. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Wade Cockburn, to strike Cockburn's answer, and to appoint a referee to compute the amount due. In opposition to the motion and in support of his cross motion for summary judgment dismissing the complaint insofar as asserted against him, Cockburn argued that summary judgment should be denied to the plaintiff and the complaint should be dismissed insofar as asserted against him on the ground, among others, that the plaintiff failed to mail to him the 90-day pre-foreclosure notice required by RPAPL 1304. The Supreme Court granted the plaintiff's motion and denied Cockburn's cross-motion. Cockburn appeals.
"'Although not jurisdictional, proper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a residential foreclosure action, and [*2]the plaintiff has the burden of establishing satisfaction of this condition'" (Aurora Loan Servs., LLC v Vrionedes, 167 AD3d 829, 831, quoting HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825-826; see Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860). Pursuant to RPAPL 1304, at least 90 days before commencement of an action to foreclose a mortgage on a home loan, a specified notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see RPAPL 1304[1], [2]). "Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (PennyMac Corp. v Khan, 178 AD3d 1064, 1065-1066 [internal quotation marks omitted]; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17; Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
Here, although the plaintiff submitted a copy of the 90-day notice purportedly sent to Cockburn, the plaintiff failed to submit an affidavit of service or other proof of mailing by the post office establishing that the plaintiff properly sent the notice by registered or certified mail and first-class mail pursuant to RPAPL 1304 (see PennyMac Corp. v Khan, 178 AD3d 1064). Since the plaintiff failed to provide evidence of the actual mailing, or evidence of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure, the plaintiff failed to establish its strict compliance with RPAPL 1304 (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17; Bank of Am., N.A. v Bittle, 168 AD3d 656), and those branches of its motion which were for summary judgment on the complaint insofar as asserted against Cockburn, to strike his answer, and for an order of reference should have been denied, regardless of the sufficiency of Cockburn's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
However, contrary to Cockburn's contention, he is not entitled to summary judgment dismissing the complaint insofar as asserted against him on the basis of the plaintiff's alleged failure to comply with the notice requirements of RPAPL 1304. Cockburn's bare denial of receipt of the RPAPL 1304 notice, without more, was insufficient to establish his prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against him (see PennyMac Corp. v Khan, 178 AD3d 1064; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17; LNV Corp. v Sofer, 171 AD3d 1033, 1038).
The parties' remaining contentions are either without merit or not properly before this Court.
MASTRO, J.P., COHEN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court