PennyMac Corp. v Arora (2020 NY Slip Op 03239)





PennyMac Corp. v Arora


2020 NY Slip Op 03239


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2017-07867
 (Index No. 701515/16)

[*1]PennyMac Corp., respondent, 
v
Ganesh Arora, etc., appellant, et al., defendants.


Law Office of Maggio & Meyer, PLLC, Bohemia, NY (Holly C. Meyer of counsel), for appellant.
Blank Rome LLP, New York, NY (Diana M. Eng and Andrea M. Roberts of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ganesh Arora appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered October 5, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Ganesh Arora, to strike that defendant's answer, and for an order of reference, and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant Ganesh Arora (hereinafter the defendant) executed, in favor of the plaintiff's predecessors in interest, two promissory notes, both secured by mortgages on certain residential property. The defendant subsequently executed a consolidation, extension, and modification agreement (hereinafter CEMA), consolidating the notes and mortgages, and a consolidated note evidencing the total amount of the debt following consolidation, secured by a consolidated mortgage. Upon the defendant's alleged default in making payments on the debt, the plaintiff commenced this foreclosure action. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. In an order entered October 5, 2018, the Supreme Court granted the plaintiff's motion and appointed a referee to ascertain and compute the amount due to the plaintiff. The defendant appeals.
Where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d 871, 872; JPMorgan Chase Bank, N.A. v Rosa, 169 AD3d 887, 889; U.S. Bank N.A. v Greenberg, 168 AD3d 893, 894). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990, 992; Central Mtge. Co. v Jahnsen, 150 AD3d 661, 663). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754; see Deutsche Bank Natl. Trust Co. v Adlerstein, 171 AD3d 868, 870; Nationstar Mtge., LLC v Rodriguez, 166 AD3d at 992).
Here, the plaintiff established, prima facie, that it was the holder of the underlying consolidated note at the time of the commencement of the action by attaching the consolidated note, endorsed in blank, to the summons and complaint when it commenced the action (see U.S. Bank N.A. v Ahmed, 174 AD3d 661, 664; U.S. Bank N.A. v Mezrahi, 169 AD3d 952, 953-954; Wells Fargo Bank, N.A. v Zucker, 169 AD3d 856, 857-858). Contrary to the defendant's contention, where the note is affixed to the complaint, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; U.S. Bank N.A. v Greenberg, 168 AD3d at 895; U.S. Bank N.A. v Henry, 157 AD3d 839, 841). Moreover, the holder of a CEMA and consolidated note need not prove its interest with respect to each of the notes which are the subject of the consolidation. In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact.
The plaintiff also established, prima facie, its compliance with statutory and contractual notice requirements. RPAPL 1304 provides that at least 90 days before a lender, an assignee, or a mortgage loan servicer commences an action to foreclose the mortgage on a home loan as defined in the statute, such lender, assignee, or mortgage loan servicer must give notice to the borrower. "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825-826), "and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). Further, where, as here, it is alleged that a plaintiff has failed to comply with a condition precedent to the enforcement of a mortgage, "the plaintiff must proffer sufficient evidence to establish, prima facie, that it complied with the condition precedent" (U.S. Bank N.A. v Kochhar, 176 AD3d 1010, 1012; see RBS Citizens, N.A. v Galperin, 135 AD3d 735, 736). As far as the plaintiff's contractual obligations are concerned, paragraphs 15 and 22 of the mortgage agreement require the plaintiff, as a precondition to calling in the loan, to provide written notice of default to the defendant by mailing the notice by first-class mail or by actually delivering it to the defendant's "notice address if sent by other means."
"RPAPL 1306 provides, in pertinent part, that within three business days of the mailing of the foreclosure notice pursuant to RPAPL 1304(1), every lender or assignee shall file' certain information with the superintendent of financial services, including at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue'" (HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 669, quoting RPAPL 1306[1], [2]).
Here, in support of its motion, the plaintiff submitted, inter alia, the affidavit of Angela Van Cook, a litigation supervisor at PennyMac Loan Services, LLC, the loan servicer for the plaintiff. Van Cook satisfied the foundation requirements for establishing admissibility of evidence under the business records exception to the rule against hearsay under CPLR 4518 by attesting that she relied upon the records of the plaintiff and/or its servicer, that she was familiar with the record-keeping systems "use[d] to record and create information related to the residential mortgage loans," and that the records she relied upon were "made in the regular course of business," were "systematically made for the conduct of business and [were] relied upon as the accurate routine reflections of the day-to-day regularly conducted business activity," and were "made at or about the time the event [was] being recorded" (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 508; People v Kennedy, 68 NY2d 569, 579-580; HSBC Bank USA, N.A. v Ozcan, 154 AD3d at 826).
With respect to the required notices of default, Van Cook described "a standard office mailing procedure designed to ensure that items are properly addressed and mailed" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21) and established her personal knowledge of that procedure. She attested that the notices required by the mortgage agreement were sent to the defendant's last known address and the subject property, and that notices pursuant to RPAPL 1304 were sent to the defendant at those addresses by first-class mail and certified mail. Van Cook attached to her affidavit copies of the two kinds of notices, dated June 8, 2015, a copy of the proof of filing statement pursuant to RPAPL 1306, copies of envelopes bearing United States postage and indicating they were sent by first class mail, postmarked on June 9, 2015, and addressed to the [*2]defendant at his residence, and copies of United States Postal Service certified mail receipts bearing the same address. These documents, together with Van Cook's affidavit, constituted admissible evidence sufficient to establish, prima facie, the plaintiff's compliance with the notice of default requirements of RPAPL 1304, the mailing requirements of paragraphs 15 and 22 of the mortgage agreement, and the filing requirements of RPAPL 1306 (see HSBC Bank USA, N.A. v Bermudez, 175 AD3d at 669-670; HSBC Bank USA, N.A. v Ozcan, 154 AD3d at 826-827). In opposition, the defendant failed to raise a triable issue of fact.
Since the plaintiff met its prima facie burden and the defendant failed to raise a triable issue of fact in opposition, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, and appointing a referee to ascertain and compute the amount due to the plaintiff.
The defendant's remaining contentions are without merit.
DILLON, J.P., ROMAN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court