Wells Fargo Bank, N.A. v Hussain (2020 NY Slip Op 04997)





Wells Fargo Bank, N.A. v Hussain


2020 NY Slip Op 04997


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-01861
 (Index No. 700529/17)

[*1]Wells Fargo Bank, National Association, etc., appellant, 
v
Noyantara Begum Hussain, respondent, et al., defendants.


McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret S. Stefandl of counsel), for appellant.
Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi and Aveet Basnyat of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered November 22, 2017. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference, and, sua sponte, directed the Clerk of Queens County to cancel the notice of pendency.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the Clerk of Queens County to cancel the notice of pendency is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof directing the Clerk of Queens County to cancel the notice of pendency; as so modified, the order is affirmed, without costs or disbursements.
In March 2005, the defendant Noyantara Begum Hussain (hereinafter the defendant) executed a note in the sum of $576,000, which was secured by a mortgage encumbering certain real property in Queens. Thereafter, in 2008, the mortgage was assigned to the plaintiff. The defendant defaulted in making mortgage payments, and in March 2008, the plaintiff commenced a foreclosure action (hereinafter the 2008 foreclosure action) against the defendant, and others. In June 2013, the plaintiff voluntarily discontinued the 2008 foreclosure action.
In January 2017, the plaintiff commenced the instant action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer, asserting a counterclaim and various affirmative defenses, including failure to provide required notices and expiration of the statute of limitations. Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. By order entered November 22, 2017, the Supreme Court denied the motion, and, sua sponte, directed the Clerk of Queens County to cancel the notice of pendency. The plaintiff appeals.
The Supreme Court should not have denied the plaintiff's motion, among other things, for summary judgment on the complaint on the ground that the plaintiff failed to comply with the mailing requirement of RPAPL 1304. "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1309; Nationstar Mtge., LLC v LaPorte, 162 AD3d 784, 786). The statute requires that such notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d at 1309, quoting Citibank v Conti-Scheurer, 172 AD3d 17, 20-21).
Here, the plaintiff demonstrated, prima facie, that it complied with the mailing requirements of RPAPL 1304 by submitting evidence that it mailed the RPAPL 1304 notice to the defendant's last known address by both certified and first-class mail. The plaintiff's submissions included an affidavit of mailing of a document execution specialist employed by Nationstar Mortgage, LLC, the plaintiff's loan servicer. The document execution specialist set forth his personal knowledge of his employer's record-keeping practices and procedures (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197), and described the procedure by which the RPAPL 1304 notice was mailed to the defendant by both certified and first-class mail. The plaintiff also submitted a copy of an envelope addressed to the defendant bearing a certified mail 20-digit barcode, and a copy of an envelope bearing a first-class mail 10-digit barcode, along with copies of the RPAPL 1304 notices sent to the defendant (see Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d at 1309; Nationstar Mtge., LLC v LaPorte, 162 AD3d at 786; HSBC Bank, USA v Ozcan, 154 AD3d 822, 827). In opposition, the defendant failed to raise a triable issue of fact (see Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d at 1310; HSBC Bank, USA v Ozcan, 154 AD3d at 827).
However, we agree with the Supreme Court's determination to deny the plaintiff's motion, inter alia, for summary judgment on the ground that the plaintiff failed to establish, prima facie, that the action was not time-barred. A mortgage foreclosure action is subject to a six-year statute of limitations (see CPLR 213[4]). " [E]ven if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due, and the Statute of Limitations begins to run on the entire debt'" (Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935, quoting Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). Acceleration occurs, among other things, by the commencement of a foreclosure action (see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d at 935). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (Freedom Mtge. Corp. v Engel, 163 AD3d 631, 632 [internal quotation marks omitted], lv granted in part 33 NY3d 1039; see Christiana Trust v Barua, 184 AD3d 140).
Here, there is no evidence in the record of any affirmative act of revocation occurring during the six-year statute of limitations period following the initiation of the 2008 foreclosure action (see 21st Mtge. Corp. v Osorio, 167 AD3d 823, 825). The only evidence submitted by the plaintiff to establish its affirmative act of revocation was a printout of the Queens County Clerk Minutes, showing that a stipulation of discontinuance and a consent to cancel the lis pendens were filed in the 2008 foreclosure action on July 1, 2013. The plaintiff did not submit a copy of the stipulation of discontinuance. A stipulation of discontinuance will not, by itself, constitute an affirmative act of revocation where the stipulation is silent on the issue of the election to accelerate, and does not otherwise indicate that the plaintiff would accept installment payments from the defendant (see Bank of N.Y. Mellon v Craig, 169 AD3d 627, 629; Freedom Mtge. Corp. v Engel, 163 AD3d at 633).
Since the plaintiff failed to meet its prima facie burden, the sufficiency of the defendant's opposition papers need not be considered (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion.
However, the Supreme Court erred in, sua sponte, directing the Clerk of Queens County to cancel the notice of pendency. There were no extraordinary circumstances warranting the sua sponte cancellation of the notice of pendency (see generally, Downey Sav. & Loan Assn. F.A. v Trujillo, 142 AD3d 1040, 1042; HSBC Bank USA, N.A. v Taher, 104 AD3d 815, 817; Aurora Loan Services, LLC v Sobanke, 101 AD3d 1065, 1066).
MASTRO, J.P., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court