U.S. Bank Trust, N.A. v Mehl (2021 NY Slip Op 04159)





U.S. Bank Trust, N.A. v Mehl


2021 NY Slip Op 04159


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-06876 
2019-06889
 (Index No. 68529/16)

[*1]U.S. Bank Trust, N.A., etc., respondent,
v
Norbert Mehl, et al., appellants, et al., defendant.


Norbert Mehl, Scarsdale, NY, appellant pro se, and Mordechai I. Lipkis, New York, NY, for appellant Batsheva Mehl (one brief filed).
Locke Lord LLP, New York, NY (William D. Foley, Jr., and Andrew Braunstein of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Norbert Mehl and Batsheva Mehl appeal from (1) an order of the Supreme Court, Westchester County (John P. Colangelo, J.), dated June 3, 2019, and (2) an order of the same court dated June 5, 2019. The order dated June 3, 2019, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Norbert Mehl and Batsheva Mehl, to strike their answer, and for an order of reference. The order dated June 5, 2019, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the appeal from the order dated June 3, 2019, is dismissed, as the portions of the order appealed from were superseded by the order dated June 5, 2019; and it is further,
ORDERED that the order dated June 5, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On August 24, 2007, the defendants Norbert Mehl and Batsheva Mehl (hereinafter together the defendants) executed and delivered to Washington Mutual Bank, F.A. (hereinafter WAMU), a note and mortgage securing a loan in the principal amount of $1,275,000 against residential property located in Westchester County. On August 10, 2010, the defendants entered into a Loan Modification Agreement (hereinafter the modification agreement) with the plaintiff's predecessor in interest, Chase Home Finance, LLC (hereinafter Chase), pursuant to which, among other things, the maturity date of the loan was extended by 35 months, a portion of the outstanding principal was forgiven, and the interest rate, which had previously adjusted monthly between 3.1% and 9.85%, was modified and replaced by a 2.216% fixed rate.
In or around March 2014, the defendants failed to meet their payment obligations and, [*2]in December 2016, the plaintiff commenced this action to foreclose the mortgage. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. In orders dated June 3, 2019, and June 5, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion. The defendants appeal.
The plaintiff established, prima facie, that it had standing to commence this action by attaching the note, endorsed in blank, to the summons and complaint when it commenced the action (see Wells Fargo Bank, N.A. v Bakth, 189 AD3d 1315; PennyMac Corp. v Arora, 184 AD3d 652, 653-654). In opposition, the defendants failed to raise a triable issue of fact..
The defendants' contentions based upon their mischaracterization of the modification agreement as a mortgage loan consolidation, extension, and/or modification agreement (hereinafter CEMA) are without merit. Unlike in cases where two or more liens are consolidated by a CEMA, here, the modification agreement did not create a new consolidated lien, represented by a new consolidated note and secured by a new consolidated mortgage (see e.g. PennyMac Corp. v Arora, 184 AD3d at 653-654). The modification agreement simply modified several provisions of the note and mortgage, referred to in the modification agreement as the "Loan Documents." In fact, Paragraph 3(H) of the modification agreement specifically provides, in relevant part, "[t]hat all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect."
The defendants' further contention that the plaintiff failed to demonstrate its strict compliance with the mandates of RPAPL 1304 and 1306 also is without merit. Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute requires that such notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see PennyMac Corp. v Arora, 184 AD3d at 654; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825-826), "and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see PennyMac Corp. v Arora, 184 AD3d at 654). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21 [internal quotation marks omitted]; see Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1309).
Here, the plaintiff submitted the affidavit of Jaime Guevara, a default service officer at Caliber Home Loans, Inc. (hereinafter Caliber), the plaintiff's loan servicer and attorney-in-fact. As Guevara attested, inter alia, to his personal knowledge of the standard office mailing procedure employed by Caliber (see CIT Bank N.A. v Schiffman, 36 NY3d 550; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21), described that procedure in detail, and attached copies of the relevant records created and maintained by Caliber, the plaintiff demonstrated, prima facie, its strict compliance with the 90-day notice requirement of RPAPL 1304 (see US Bank N.A. v Bochicchio, 179 AD3d 1133, 1136). Likewise, the plaintiff demonstrated its compliance with RPAPL 1306 by submitting a copy of a proof of filing statement from the New York State Department of Financial Services indicating that, on August 17, 2016, the plaintiff had filed the information required by RPAPL 1306. In opposition, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the [*3]defendants, to strike their answer, and for an order of reference.
The defendant's remaining contention is academic.
DILLON, J.P., AUSTIN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court