Federal Natl. Mtge. Assn. v Hollien (2021 NY Slip Op 05321)





Federal Natl. Mtge. Assn. v Hollien


2021 NY Slip Op 05321


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-03934 ON MOTION
2018-03939
 (Index No. 30057/13)

[*1]Federal National Mortgage Association, respondent,
v
Jennifer Hollien, et al., appellants, et al., defendants. DECISION & ORDER Motion by the respondent for leave to reargue appeals from two orders of the Supreme Court, Suffolk County, entered April 6, 2017, and dated December 5, 2017, respectively, which were determined by decision and order of this Court dated March 31, 2021. Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is ORDERED that the motion for leave to reargue is granted, and, upon reargument, the decision and order of this Court dated March 31, 2021 (Federal Natl. Mtge. Assn. v Hollien, 192 AD3d 1080), is recalled and vacated, and the following decision and order is substituted therefor:

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Christopher A. Gorman of counsel), for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret S. Stefandl of counsel), for respondent.
In an action to foreclose a mortgage, the defendants Jennifer Hollien and Steven Kosin appeal from (1) an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), entered April 6, 2017, and (2) an order of the same court dated December 5, 2017. The order entered April 6, 2017, insofar as appealed from, granted that branch of the plaintiff's motion which was to strike the affirmative defenses of the defendants Jennifer Hollien and Steven Kosin alleging lack of standing and denied those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. The order dated December 5, 2017, insofar as appealed from, granted those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendants Jennifer Hollien and Steven Kosin and for an order of reference, and denied those defendants' cross motion for leave to renew their prior cross motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order entered April 6, 2017, is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was to strike the affirmative defenses of the defendants Jennifer Hollien and Steven Kosin alleging lack of standing, and substituting therefor a provision denying that branch of the motion; as so modified, the order entered April 6, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated December 5, 2017, is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendants Jennifer Hollien and Steven Kosin and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the order dated December 5, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants Jennifer Hollien and Steven Kosin.
In November 2013, the plaintiff commenced this action to foreclose a mortgage against the defendants Jennifer Hollien and Steven Kosin (hereinafter together the defendants), among others, alleging that the defendants executed a mortgage agreement encumbering certain real property in Shirley and securing a loan in the principal sum of $216,800. The plaintiff alleged that the defendants breached the terms of the note and mortgage agreement by failing to make the required monthly payment on January 1, 2013, and all subsequent monthly payments. Thereafter, the defendants served an answer raising, inter alia, affirmative defenses alleging lack of standing and failure to comply with the notice requirements of RPAPL 1304 and 1306.
In May 2015, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' affirmative defenses, and for an order of reference. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them. In an order entered April 6, 2017, the Supreme Court granted that branch of the plaintiff's motion which was to strike the defendants' affirmative defenses alleging lack of standing and otherwise denied the motion with leave to renew, and denied the defendants' cross motion. Thereafter, the plaintiff made a renewed motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants cross-moved for leave to renew their prior cross motion for summary judgment dismissing the complaint insofar as asserted against them. In an order dated December 5, 2017, the court, among other things, granted those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and denied the defendants' cross motion. The defendants appeal from both orders.
"A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 868; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). Thus, a plaintiff may demonstrate its standing in a foreclosure action through evidence that it was in possession of the subject note endorsed in blank, or the subject note and a firmly affixed allonge endorsed in blank, at the time of the commencement of the action (see UCC 3-202[2]; PennyMac Corp. v Chavez, 144 AD3d 1006, 1007).
Here, the mortgage was transferred to the plaintiff by assignment of mortgage dated June 18, 2013. The plaintiff attempted to demonstrate that it was the holder of the underlying note by attaching to the complaint a copy of the note with an allonge. The purported allonge contains an endorsement in blank, has no pagination, is undated, and contains no writing in any way to demonstrate its connection to the note or that it was firmly affixed thereto. An affirmation of the plaintiff's counsel and an affidavit of a representative of the plaintiff's loan servicer, submitted in support of the plaintiff's motion, also failed to indicate that the purported allonge is connected to the note or that it was firmly affixed thereto. Therefore, the plaintiff failed to establish that the purported allonge was so firmly attached to the note as to become a part thereof, and thus failed to establish, prima facie, its standing to commence this foreclosure action (see U.S. Bank N.A. v Moulton, 179 AD3d 734, 737-738).
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was to strike the defendants' affirmative defenses alleging lack of standing, and the [*2]plaintiff was not entitled to summary judgment on the complaint insofar as asserted against the defendants and an order of reference.
However, the Supreme Court properly denied the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. Although both Hollien and Kosin were defined as borrowers in the mortgage agreement, and the plaintiff only listed Hollien on its filing pursuant to RPAPL 1306, "a filing that includes information about only one borrower is sufficient under the statute" (CIT Bank N.A. v Schiffman, 36 NY3d 550, 560).
The defendants' remaining contentions either have been rendered academic in light of our determination or are without merit.
LASALLE, P.J., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court