Deutsche Bank Natl. Trust Co. v Van Alst (2022 NY Slip Op 04714)

Deutsche Bank Natl. Trust Co. v Van Alst

2022 NY Slip Op 04714

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2017-07138
2017-07139
2018-13797
 (Index No. 10059/14)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Marie D. Van Alst, etc., et al., appellants, et al., defendants.

Law Offices of Lawrence Katz, PLLC, Valley Stream, NY, for appellants.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Morgan R. McCord of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Marie D. Van Alst and Edward J. Van Alst appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 24, 2017, (2) an order of the same court entered May 1, 2017, and (3) an order and judgment of foreclosure and sale (one paper) of the same court entered September 25, 2018. The ordered entered April 24, 2017, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Marie D. Van Alst and Edward J. Van Alst, to strike those defendants' answer, and for an order of reference, and denied those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. The order entered May 1, 2017, insofar as appealed from, granted the same relief to the plaintiff, denied the same relief to the defendants Marie D. Van Alst and Edward J. Van Alst, and referred the matter to a referee to compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, upon the orders, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the orders entered April 24, 2017, and May 1, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
"'A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint'" (Federal Natl. Mtge. Assn. v Hollien, 198 AD3d 615, 617, quoting Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 868; see 21st Mtge. Corp. v Rudman, 201 AD3d 618, 620). "'[T]he note . . . is the dispositive instrument that conveys standing to foreclose'" (21st Mtge. Corp. v Rudman, 201 AD3d at 620, quoting Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361). Where, as here, the plaintiff's standing has been placed in issue by a defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see U.S. Bank N.A. v Moulton, 179 AD3d 734, 736; JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1515).
A promissory note is a negotiable instrument within the meaning of the Uniform Commercial Code and, where it has been endorsed in blank, may be negotiated by delivery (see UCC 3-104[2][d]; Federal Natl. Mtge. Assn. v Hollien, 198 AD3d at 617; Citimortgage, Inc. v Ustick, 188 AD3d 793, 795). Contrary to the contention of the defendants Marie D. Van Alst and Edward J. Van Alst (hereinafter together the defendants), where the note is annexed to the complaint, it is unnecessary to give factual details of the delivery in order to establish possession at the time the action was commenced (see U.S. Bank Trust, N.A. v Mehl, 195 AD3d 1054, 1055; Wells Fargo Bank, N.A. v Bakth, 189 AD3d 1315, 1315-1316; PennyMac Corp. v Arora, 184 AD3d 652, 654). However, where the endorsement is made via an allonge rather than on the document itself, the allonge must be "so firmly affixed [to the note] as to become a part thereof" (UCC 3-202[2]; see Wells Fargo Bank, N.A. v Maleno-Fowler, 194 AD3d 1094, 1095; Citimortgage, Inc. v Ustick, 188 AD3d at 795; U.S. Bank N.A. v Moulton, 179 AD3d at 737).
Here, the endorsement was made via an allonge that, while undated, identified the note to which it applied by the borrower, loan number, and property. The defendants' contention that the allonge was not firmly affixed to the note, raised for the first time on appeal, is not properly before this Court.
The defendants' further contentions that the plaintiff's submissions were insufficient to demonstrate that the plaintiff complied with the notice requirements of RPAPL 1304 are also improperly raised for the first time on appeal (see Deutsche Bank Trust Co. Ams. v Marous, 186 AD3d 669, 672; Wachovia Mtge. FSB v Macwhinnie, 175 AD3d 1587, 1590).
The defendants' remaining contentions are without merit.
MILLER, J.P., MALTESE, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court