## Woori Am. Bank v DK Beauty Inc.

2025 NY Slip Op 30061(U)

January 3, 2025

Supreme Court, New York County

Docket Number: Index No. 850042/2024

Judge: Francis Kahn III

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. FRANCIS A. KAHN, III**                    PART                    32

*Justice*

---------------------------------------------------------------X

WOORI AMERICA BANK,

INDEX NO.          850042/2024

                                   Plaintiff,

MOTION DATE

- v -

MOTION SEQ. NO.          003

DK BEAUTY INC.,U.S. SMALL BUSINESS
ADMINISTRATION, NYS DEPARTMENT OF TAXATION
AND FINANCE, NYC DEPARTMENT OF FINANCE, W.
BLVD. CORP., CLUB CLIO NYC CORP, CLUB CLIO
CORP, JOHN JK LEE, DKCOSMETICS, INC, JOHN DOES,
ABC CORP 1-20

**DECISION + ORDER ON
MOTION**

                                   Defendant.

---------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 112, 113, 114, 115, 116, 117

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents the motion and cross-motion are determined as follows:

In this mortgage foreclosure action, Plaintiff moves for, *inter alia*, summary judgment against Defendant DK Beauty and other appearing parties, a default judgment against the non-appearing parties, appointment of a referee to compute and to amend the caption. Appearing Defendants oppose the motion.

On the branches of the motion for summary judgment and a default judgment and appointment of a referee, Plaintiff established the mortgage, note, and evidence of Mortgagor's default in repayment via the affidavit of Sang Ouk Han, Plaintiff's Vice President, which was sufficiently supported by admissible business records annexed thereto (*see eg Bank of NY v Knowles*, 151 AD3d 596 [1st Dept 2017]; *Fortress Credit Corp. v Hudson Yards, LLC*, 78 AD3d 577 [1st Dept 2010]). Plaintiff had standing when this action was commenced as it was the original lender in direct privity with Defendants (*see generally Wilmington Sav. Fund Socy., FSB v Matamoro*, 200 AD3d 79, 90-91 [2d Dept 2021]). Likewise, the submissions proved that all the statutory and contractual pre-foreclosure requisites were fulfilled (*see generally United States Bank Trust, N.A. v Mehl*, 195 AD3d 1054 [2d Dept 2021]; *Citimortgage, Inc. v Ustick*, 188 AD3d 793, 794 [2d Dept 2020]).

In opposition, Defendants' arguments failed to raise an issue of fact as to any defense to the action. The assertion that the Court should adjourn the motion to permit Defendants to sell the property is unavailing. In any event, Defendants' time to sell the property does not expire until the property is sold at auction. Before that occurs, Plaintiff must still obtain a referee's report, move for a judgment of foreclosure and sale and schedule a sale, which presently has an approximate five month waiting list.

[* 1]

All the affirmative defenses and counterclaims are entirely conclusory and unsupported by any facts in the answer or by the papers submitted in opposition. As such, these affirmative defenses are nothing more than an unsubstantiated legal conclusion which is insufficiently pled as a matter of law (*see Board of Mgrs. of Ruppert Yorkville Towers Condominium v Hayden*, 169 AD3d 569 [1st Dept 2019]; *see also Bosco Credit V Trust Series 2012-1 v. Johnson*, 177 AD3d 561 [1st Dept 2020]; *170 W. Vil. Assoc. v G & E Realty, Inc.*, 56 AD3d 372 [1st Dept 2008]; *see also Becher v Feller*, 64 AD3d 672 [2d Dept 2009]; *Cohen Fashion Opt., Inc. v V & M Opt., Inc.*, 51 AD3d 619 [2d Dept 2008]). Further, to the extent that no specific legal argument was proffered in support of a particular affirmative defense or claim, they were abandoned (*see U.S. Bank N.A. v Gonzalez*, 172 AD3d 1273, 1275 [2d Dept 2019]; *Flagstar Bank v Bellafiore*, 94 AD3d 1044 [2d Dept 2012]; *Wells Fargo Bank Minnesota, N.A v Perez*, 41 AD3d 590 [2d Dept 2007]).

The branch of Plaintiff's motion for a default judgment against the non-appearing parties is granted (*see* CPLR §3215; *SRMOF II 2012-I Trust v Tella*, 139 AD3d 599, 600 [1st Dept 2016]).

The branch of Plaintiff's motion to amend the caption is granted (*see generally* CPLR §3025; *JP Morgan Chase Bank, N.A. v Laszio*, 169 AD3d 885, 887 [2d Dept 2019]).

Accordingly, it is

ORDERED that Plaintiff's motion for summary judgment against the appearing parties and for a default judgment against the non-appearing parties is granted; and it is further

ORDERED that the affirmative defenses pled by all the appearing Defendants are dismissed; and it is further

ORDERED that **Roberta Ashkin, Esq., 400 East 70th Street New York New York 10021, (646) 779-8520** is hereby appointed Referee in accordance with RPAPL § 1321 to compute the amount due to Plaintiff and to examine whether the property identified in the notice of pendency can be sold in parcels; and it is further

ORDERED that in the discretion of the Referee, a hearing may be held, and testimony taken; and it is further

ORDERED that by accepting this appointment the Referee certifies that he is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment"), and §36.2 (d) ("Limitations on appointments based upon compensation"), and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED that, pursuant to CPLR 8003(a), and in the discretion of the court, a fee of $350 shall be paid to the Referee for the computation of the amount due and upon the filing of his report and the Referee shall not request or accept additional compensation for the computation unless it has been fixed by the court in accordance with CPLR 8003(b); and it is further

ORDERED that the Referee is prohibited from accepting or retaining any funds for himself or paying funds to himself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

850042/2024  WOORI AMERICA BANK vs. DK BEAUTY INC. ET AL  Page 2 of 4
Motion No. 003

2 of 4

[* 2]

ORDERED that if the Referee holds a hearing, the Referee may seek additional compensation at the Referee's usual and customary hourly rate; and it is further

ORDERED that Plaintiff shall forward all necessary documents to the Referee and to Defendants who have appeared in this case within 30 days of the date of this order and shall *promptly* respond to every inquiry made by the referee (promptly means within two business days); and it is further

ORDERED that if Defendant(s) have objections, they must submit them to the referee within 14 days of the mailing of plaintiff's submissions; and include these objections to the Court if opposing the motion for a judgment of foreclosure and sale; and it is further

ORDERED that failure to submit objections to the referee may be deemed a waiver of objections before the Court on an application for a judgment of foreclosure and sale; and it is further

ORDERED, that "John Doe" be removed as a party defendant in this action and that the caption of this action be amended to reflect the removal of "John Doe" as a party defendant; and it is further

ORDERED the caption is amended as follows:

SUPREME COURT STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X
WOORI AMERICA BANK,

                     Plaintiff,

          -against-

DK BEAUTY INC., U.S. SMALL
BUSINESS ADMINISTRATION, NYC
DEPARTMENT OF TAXATION AND
FINANCE, NYC DEPARTMENT OF
FINANCE, DKCOS CORP,
CLUB CLIO NYC CORP,
CLUB CLIO CORP, JOHN JK LEE,
DKCOSMETICS, Inc. A/K/A
DKCOSMETICS D/B/A CLUB CLIO
USA,

                     Defendants.
--------------------------------------------------------------------X

and it is further,

ORDERED that Plaintiff must bring a motion for a judgment of foreclosure and sale within 45 days of receipt of the referee's report; and it is further

ORDERED that if Plaintiff fails to meet these deadlines, then the Court may *sua sponte* vacate this order and direct Plaintiff to move again for an order of reference and the Court may *sua sponte* toll interest depending on whether the delays are due to Plaintiff's failure to move this litigation forward; and it further

**850042/2024  WOORI AMERICA BANK vs. DK BEAUTY INC. ET AL**
**Motion No. 003**

**Page 3 of 4**

[* 3]

3 of 4

ORDERED that counsel for Plaintiff shall serve a copy of this order with notice of entry upon the County Clerk (60 Centre Street, Room 141B) and the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the parties being removed pursuant hereto; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address (www.nycourts.gov/supctmanh)]; and it is further

ORDERED that Plaintiff shall serve a copy of this Order with notice of entry on all parties and persons entitled to notice, including the Referee appointed herein.

All parties are to appear for a virtual conference via Microsoft Teams on **May 1, 2025, at 10:00 a.m.** If a motion for judgment of foreclosure and sale has been filed Plaintiff may contact the Part Clerk (SFC-Part32-Clerk@nycourts.gov) in writing to request that the conference be cancelled. If a motion has not been made, then a conference is required to explore the reasons for the delay.

| 1/3/2025 | | | | | |
|----------|--|--|--|--|--|
| **DATE** | | | | **FRANCIS KAHN, III, A.J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|--------|---|-----------------------|---|
| | X | GRANTED | ☐ DENIED | | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | X | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

HON. FRANCIS A. KAHN III
J.S.C.