Wells Fargo Bank, N.A. v Dupont (2025 NY Slip Op 04038)

Wells Fargo Bank, N.A. v Dupont

2025 NY Slip Op 04038

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2023-00385 
2023-00437
 (Index No. 503210/14)

[*1]Wells Fargo Bank, N.A., etc., plaintiff,
v
Valerie A. Dupont, etc., et al., defendants, Ghislaine Ladjouan, et al., respondents; Atlantica, LLC, nonparty-appellant.

Vallely Law, PLLC, Syosset, NY (Natalia Thomas of counsel), for nonparty-appellant.
Hasbani & Light, P.C., New York, NY (Danielle P. Light of counsel), for respondent National City Bank.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Atlantica, LLC, appeals from (1) an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated October 3, 2016, and (2) an order of the same court (Noach Dear, J.) dated June 11, 2019. The order dated October 3, 2016, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Ghislaine Ladjouan, to strike her answer, for an order of reference, and, in effect, for leave to enter a default judgment against the nonappearing defendants and, sua sponte, cancelled the notice of pendency. The order dated June 11, 2019, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant Ghislaine Ladjouan, to strike her answer, for an order of reference, and, in effect, for leave to enter a default judgment against the nonappearing defendants.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated October 3, 2016, as, sua sponte, cancelled the notice of pendency is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated October 3, 2016, is reversed insofar as appealed from, on the law, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Ghislaine Ladjouan, to strike her answer, for an order of reference, and, in effect, for leave to enter a default judgment against the nonappearing defendants are granted; and it is further,
ORDERED that the appeal from the order dated June 11, 2019, is dismissed as academic in light of our determination on the appeal from the order dated October 3, 2016; and it is further,
ORDERED that one bill of costs is awarded to nonparty Atlantica, LLC.
In April 2014, the plaintiff commenced this action against the defendant Ghislaine Ladjouan (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn. The defendant interposed an answer in which she asserted several affirmative defenses, including lack of standing. On June 25, 2014, the defendant conveyed 50% of her ownership interest in the property to 105-86 Flatlands 1 St Corp. by bargain and sale deed. In April 2015, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, for an order of reference, and, in effect, for leave to enter a default judgment against the nonappearing defendants.
The defendant opposed the motion, asserting only that the plaintiff failed to establish standing. In an order dated October 3, 2016, the Supreme Court, inter alia, denied those branches of the plaintiff's motion and, sua sponte, cancelled the notice of pendency, on the ground that the plaintiff failed to establish, prima facie, that it had standing to commence the action. On October 13, 2016, the defendant and 105-86 Flatlands 1 St Corp. transferred the property to 10586 Flatlands 1 Realty Corp. by bargain and sale deed.
Subsequently, the plaintiff moved, inter alia, for leave to renew those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, for an order of reference, and, in effect, for leave to enter a default judgment against the nonappearing defendants. In an order dated June 11, 2019, the Supreme Court, among other things, denied that branch of the plaintiff's motion. Nonparty Atlantica, LLC, the plaintiff's successor in interest, appeals from both orders.
A plaintiff moving for summary judgment in an action to foreclose a mortgage establishes its prima facie case by producing the note, the mortgage, and evidence of default (see U.S. Bank N.A. v Medina, 230 AD3d 1371, 1375). "'A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint'" (Federal Natl. Mtge. Assn. v Hollien, 198 AD3d 615, 617, quoting Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 868). "[T]he note . . . is the dispositive instrument that conveys standing to foreclose" (21st Mtge. Corp. v Rudman, 201 AD3d 618, 620 [internal quotation marks omitted]). Where, as here, the plaintiff's standing has been placed in issue by a defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see Hudson City Sav. Bank v Ellia, 210 AD3d 750, 752).
Here, the plaintiff established, prima facie, its standing by submitting a copy of the note, endorsed in blank, that was annexed to the complaint at the time the action was commenced (see U.S. Bank, N.A. v Goichman, 230 AD3d 1186, 1186-1187). In opposition, the defendant failed to raise a triable issue of fact. "Where the note is affixed to the complaint, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (id. at 1187 [internal quotation marks omitted]). Further, the plaintiff showed its entitlement to a default judgment against the nonappearing defendants (see Star201, LLC v Duran, 233 AD3d 726, 728-729). Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, for an order of reference, and, in effect, for leave to enter a default judgment against the nonappearing defendants.
In addition, the Supreme Court erred in, sua sponte, cancelling the notice of pendency. There were no extraordinary circumstances warranting the sua sponte cancellation of the notice of pendency (see Wells Fargo Bank, N.A. v Hussain, 186 AD3d 1459, 1462).
The parties' remaining contentions are without merit.
DILLON, J.P., FORD, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court