Wells Fargo Bank, N.A. v Khorram (2025 NY Slip Op 05842)

Wells Fargo Bank, N.A. v Khorram

2025 NY Slip Op 05842

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2024-00177
 (Index No. 607853/15)

[*1]Wells Fargo Bank, National Association, etc., respondent, 
v
Sarah S. Khorram, etc., appellant, et al., defendants.

New York Legal Assistance Group, New York, NY (Lisa Rivera and Julie Anne Howe of counsel), for appellant.
Duane Morris LLP, New York, NY (Brett L. Messinger and Brian J. Slipakoff of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sarah S. Khorram appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated September 19, 2023. The order denied that defendant's motion for leave to renew her prior cross-motion for summary judgment dismissing the complaint insofar as asserted against her as time-barred and for an award of attorneys' fees and expenses pursuant to Real Property Law § 282, which had been denied in an order of the same court dated June 8, 2021.
ORDERED that the order dated September 19, 2023, is reversed, on the law, with costs, the motion of the defendant Sarah S. Khorram for leave to renew her prior cross-motion for summary judgment dismissing the complaint insofar as asserted against her as time-barred and for an award of attorneys' fees and expenses pursuant to Real Property Law § 282 is granted, upon renewal, the determination in the order dated June 8, 2021, denying the prior cross-motion is vacated, and thereupon, the prior cross-motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine the amount of attorneys' fees and expenses to be awarded to the defendant Sarah S. Khorram pursuant to Real Property Law § 282.
In February 2007, the defendant Sarah S. Khorram (hereinafter the defendant) executed a note and mortgage agreement encumbering certain real property located in Wading River. In November 2007, after the defendant allegedly defaulted on the loan, the plaintiff commenced an action against the defendant, among others, to foreclose the mortgage (hereinafter the 2007 action). However, in January 2009, the plaintiff voluntarily discontinued the 2007 action.
In July 2015, the plaintiff commenced the instant action against the defendant, among others, to foreclose the same mortgage. After the defendant interposed an answer, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against her as time-barred and for an award of attorneys' fees and expenses pursuant to Real Property Law § 282. By order dated June 8, 2021, the Supreme Court, among other things, denied the defendant's cross-motion.
Thereafter, the defendant moved for leave to renew her prior cross-motion based upon the enactment of the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]). In opposition, the plaintiff argued that FAPA should not be applied retroactively to this action and that retroactive application of FAPA would violate the Due Process Clause of the United States Constitution. By order dated September 19, 2023, the Supreme Court denied the defendant's motion. The defendant appeals.
The Supreme Court should have granted the defendant's motion for leave to renew and, upon renewal, granted the defendant's prior cross-motion. An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the [s]tatute of [l]imitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the holder of the note elects in the complaint to call due the entire amount secured by the mortgage (see U.S. Bank NA v Schaer, 223 AD3d 928, 929; Wells Fargo Bank, N.A. v Hussain, 186 AD3d 1459, 1462).
In denying the prior cross-motion, the Supreme Court determined that this action was not time-barred because, under the Court of Appeals' holding in Freedom Mtge. Corp. v Engel (37 NY3d 1), the plaintiff's voluntary discontinuance of the 2007 action constituted an affirmative act of revocation of the acceleration of the debt. However, FAPA had the effect of nullifying the holding in Engel (see HSBC Bank USA, N.A. v MD A. Islam, 221 AD3d 672, 673-674; GMAT Legal Title Trust 2014—1 v Kator, 213 AD3d 915, 917). "FAPA amended CPLR 3217, governing the voluntary discontinuance of an action, by adding a new paragraph (e), which provides that '[i]n any action on an instrument described under [CPLR 213(4)], the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute'" (GMAT Legal Title Trust 2014—1 v Kator, 213 AD3d at 917). Applying FAPA here, the defendant demonstrated that the debt was accelerated by the commencement of the 2007 action, and the discontinuance of that action did not de-accelerate the mortgage or revive or renew the statute of limitations (see 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038). The instant action is time-barred because it was commenced more than six years later.
Contrary to the plaintiff's contention, FAPA applies retroactively to this action since FAPA "is remedial in nature and was intended to apply retroactively where, as here, a final judgment of foreclosure and sale has not been enforced" (id. at 1042; see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065).
Moreover, retroactive application of FAPA does not violate the plaintiff's due process rights. "[T]he test of due process for retroactive legislation 'is met simply by showing that the retroactive application of the legislation is itself justified by a rational legislative purpose'" (American Economy Ins. Co. v State of New York, 30 NY3d 136, 158, quoting Pension Benefit Guaranty Corporation v R.A. Gray & Co., 467 US 717, 730; see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 375). The legislative purpose of FAPA, "to thwart and eliminate abusive and unlawful litigation tactics" (Assembly Mem in Support, Bill Jacket, L 2022, ch 821 at 8), is a legitimate purpose (see 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038). Accordingly, the plaintiff failed to establish that the retroactive application of FAPA violated its due process rights.
The plaintiff's contention that the retroactive application of FAPA would violate the Contract Clause of the United States Constitution is raised for the first time on appeal (see Wells Fargo Bank v Islam, 174 AD3d 670, 671-672). However, since the issue presents this Court with a pure question of law appearing on the face of the record that could not have been avoided if raised at the proper juncture, and the defendant has addressed the merits of this contention on appeal, this Court will address it (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065). The plaintiff's contention is without merit, as the plaintiff failed to identify any contractual provision that entitles it to revoke a prior acceleration of the loan debt (see id.; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038).
Furthermore, as the defendant was the prevailing party for purposes of Real Property Law § 282, the defendant was entitled to an award of attorneys' fees and expenses (see U.S. Bank N.A. v Bajwa, 208 AD3d 1197, 1199; Nationstar Mtge., LLC v Dorsin, 180 AD3d 1054, 1057).
Accordingly, the Supreme Court should have granted the defendant's motion for leave to renew her prior cross-motion for summary judgment dismissing the complaint insofar as asserted against her as time-barred and for an award of attorneys' fees and expenses pursuant to Real Property Law § 282, and upon renewal, granted the prior cross-motion. We remit the matter to the Supreme Court, Suffolk County, for a hearing to determine the amount of attorneys' fees and expenses to be awarded to the defendant pursuant to Real Property Law § 282.
IANNACCI, J.P., BRATHWAITE NELSON, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court